1

2

3

4                           UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6                                  EUREKA DIVISION

7

8      ANTHONY PRATT,                          Case No.  22-cv-04558-RMI

9                    Plaintiff,

10             v.                              **SHOW CAUSE ORDER**

                                               Re: Dkt. No. 16
11     JAMES ROBERTSON, WARDEN,

12                   Defendant.

13         Petitioner, a California state prisoner, filed a petition for a writ of habeas corpus pursuant

14   to 28 U.S.C. § 2254.  Petitioner is presently serving a 25-years-to-life sentence at Pelican Bay

15   State Prison for the murder of Gary Smith.  (Dkt. 16, p. 2).  Petitioner alleges that he was deprived

16   of due process at his trial due to insufficient evidence of his guilt, the improper exclusion of

17   favorable evidence, jury instruction errors, and ineffective assistance of counsel.  *Id.* at 9–12.

18   This court had previously stayed Petitioner's case so that he could exhaust his claims before the

19   California courts.  (Dkt. 6); *see Kelley v. Small*, 315 F.3d 1063 (9th Cir. 2003).  Petitioner has

20   since moved to lift the stay, and the court has granted the motion.  (Dkts. 14, 15).  Now before the

21   court is Petitioner's amended petition.  (Dkt. 16).

22         This court may entertain a petition for a writ of habeas corpus on behalf of a person "in

23   custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §

24   2241(c)(3).  It shall "award the writ or issue an order directing the respondent to show cause why

25   the writ should not be granted, unless it appears from the application that the applicant or person

26   detained is not entitled thereto." *Id.* § 2243.  "[A]bsent a procedural failing, to determine whether a

27   petition warrants summary dismissal[,] the standard is not whether the claim will ultimately—or

28   even likely—succeed or fail, but rather, whether the petition states a cognizable, non-frivolous

United States District Court
Northern District of California

1    claim." *Neiss v. Bludworth*, 114 F.4th 1038, 1046 (9th Cir. 2024).

2    Liberally construed, the petition states cognizable, non-frivolous claims for habeas relief

3    under § 2254. *See Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must

4    construe pro se petitions for writs of habeas corpus liberally).  Petitioner's allegations implicate

5    due process rights clearly established in federal law. *In re Winship,* 397 U.S. 358, 364 (1970)

6    (Due Process Clause requires convictions to be "upon proof beyond a reasonable doubt of every

7    fact necessary to constitute the crime . . . charged"), *Crane v. Kentucky*, 476 U.S. 683, 690 (1986)

8    ("[T]he Constitution guarantees criminal defendants a meaningful opportunity to present a

9    complete defense.") (internal quotations omitted); *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977)

10   (erroneous jury instruction can "by itself so infect[] the entire trial that the resulting conviction

11   violates due process") (internal citation omitted); *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011)

12   (stating "[t]here is no dispute" that effective assistance of counsel is required by clearly

13   established federal law).

14   IT IS THEREFORE ORDERED that the Clerk shall serve electronically (1) a copy of this

15   order and (2) a notice of assignment of prisoner case to a United States magistrate judge and

16   accompanying magistrate judge jurisdiction consent or declination to consent form (requesting

17   that respondent consent or decline to consent within 28 days of receipt of service) upon the

18   Respondent and the Respondent's attorney, the Attorney General of the State of California, at

19   SFAWTParalegals@doj.ca.gov and docketingsfawt@doj.ca.gov.  The petition and exhibits thereto

20   are available via the Electronic Case Filing System for the Northern District of California.  The

21   Clerk shall serve by mail a copy of this order on Petitioner.

22   Respondent shall file with the court and serve on Petitioner, within fifty-six (56) days of

23   the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing

24   Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.

25   Respondent shall file, with the Answer, and serve on Petitioner, a copy of all portions of the state

26   trial record that have been transcribed previously and that are relevant to a determination of the

27   issues presented by the Petition.

28   If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the

United States District Court
Northern District of California

1   court and serving it on Respondent within twenty-eight (28) days of his receipt of the Answer.

2       Respondent may file a motion to dismiss on procedural grounds in lieu of an Answer, as

3   set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.

4   If Respondent files such a motion, it is due fifty-six (56) days from the date that this order is

5   entered. If a motion is filed, Petitioner shall file with the court, and serve on Respondent, an

6   opposition or statement of non-opposition within twenty-eight (28) days of receipt of the motion,

7   and Respondent shall file with the court, and serve on Petitioner, a reply within fourteen (14) days

8   of receipt of any opposition.

9       Petitioner is reminded that all communications with the court must be served on

10  Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must keep

11  the court informed of any change of address and must comply with the court's orders in a timely

12  fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant

13  to Federal Rule of Civil Procedure 41(b).  *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir.

14  1997) (Rule 41(b) applicable in habeas cases).

15      **IT IS SO ORDERED.**

16  Dated: April 10, 2025

17

18  _____

19  ROBERT M. ILLMAN
    United States Magistrate Judge

20

21

22

23

24

25

26

27

28