**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ANTHONY PRATT,<br><br>  Petitioner,<br><br>  v.<br><br>JAMES ROBERTSON, WARDEN,<br><br>  Respondent. | Case No. 22-cv-04558-BLF<br><br>**ORDER GRANTING MOTION TO DISMISS CLAIM 5 OF THE AMENDED PEITION FOR WRIT OF HABEAS CORPUS AS UNTIMELY; AND SETTING BREIFING SCHEDULE FOR THE AMENDED PETITION**<br><br>[Re: ECF No. 22] |

Before the Court is Respondent James Robertson's ("Respondent") motion to dismiss Claim 5 of the Amended Petition for Writ of Habeas Corpus on the ground that it is untimely. ECF 22 ("Mot."). Petitioner Anthony Pratt ("Petitioner") filed an opposition. ECF 23 ("Opp."). Respondent filed a Reply. ECF 24 ("Reply").

For the following reasons, the Court GRANTS Respondent's motion to dismiss Claim 5 of the Amended Petition.

**I. BACKGROUND**

In 2018, Petitioner was convicted by a jury in San Francisco of murder and conspiracy to commit murder. *People v. Pratt*, No. A154907, 2021 WL 672048, at *1 (Cal. Ct. App. Feb. 22, 2021). Petitioner was sentenced to 25 years to life in prison. *Id.* On February 22, 2021, the California Court of Appeal affirmed the judgment. *See People v. Pratt*, No. A154907, 2021 WL 672048, at *1 (Cal. Ct. App. Feb. 22, 2021). On May 12, 2021, the California Supreme Court denied a petition for review. ECF 16 ¶ 11. The record does not show that Petitioner filed a petition for a writ of certiorari with the United States Supreme Court. Petitioner's judgment became final on October 12, 2021.

On August 8, 2022, Petitioner filed the instant federal habeas action. ECF 1 ("Petition").

1   Petitioner alleged five claims for relief: 1) "Petitioner was denied his federal constitutional right to
2   due process under the Fifth, Sixth, and Fourteenth Amendments where the evidence adduced at trial
3   was insufficient to establish that Petitioner conspired to kill [the Victim]," Petition ¶¶ 14-17; 2)
4   "Petitioner was denied his federal constitutional right to due process under the Fifth, Sixth, and
5   Fourteenth Amendments where the trial court failed to instruct the jury on the lesser included
6   offenses of conspiracy to commit assault and conspiracy to commit assault with the use of a
7   firearm.," *id.* ¶¶ 18-21; 3) "Petitioner was denied his federal constitutional right to due process under
8   the Fifth, Sixth, and Fourteenth Amendments where the trial court failed to instruct the jury on the
9   use of White's statement as a co-conspirator to incriminate Petitioner," *id.* ¶¶ 22-25; 4) "Petitioner
10  was denied his federal constitutional right to due process under the Fifth, Sixth, and Fourteenth
11  Amendments where the trial court erred in excluding evidence regarding the full context of White's
12  statement," *id.* ¶¶ 26-29; and 5) "Petitioner was denied his federal constitutional right to due process
13  under the Fifth, Sixth, and Fourteenth Amendments due to the ineffective assistance of counsel at
14  trial," *id.* ¶¶ 30-33. Petitioner alleged that Claims 1-4 were exhausted at the time, and that Claim 5
15  had not yet been exhausted. Petition at 30-31.

16  On the same day, Petitioner filed a motion for a stay pursuant to *Kelly v. Small*, 315 F.3d
17  1063 (9th Cir. 2003), while he exhausted his remedies in state court with respect to Claim 5. ECF
18  2. In the motion, Petitioner requested the Court to dismiss Claim 5 without prejudice pursuant to the
19  *Kelly* procedure. *Id.* at 3. On August 29, 2025, the Court granted Petitioner's motion for a *Kelly* stay
20  and stayed the case pending Petitioner's efforts to exhaust his claim in state court. ECF 6.

21  On August 10, 2022, Petitioner filed a habeas petition in the Superior Court of San Francisco
22  County. ECF 22 at Page 17. This was 63 days before AEDPA's filing deadline. On May 10, 2023,
23  the Superior Court denied the petition. ECF 22 at Page 261. Petitioner delayed 173 days before filing
24  on October 31, 2023, his habeas petition in the California Court of Appeal. ECF 22 at Page 267. On
25  November 13, 2023, the California Court of Appeal denied the petition. *Id.* On December 28, 2023,
26  Petitioner filed a habeas petition in the California Supreme Court. ECF 22 at Page 596. On June 12,
27  2024, the California Supreme Court denied the petition. *Id.*

28  On July 15, 2024, Petitioner filed a motion to lift the stay, reopen case, and amend the

2

1    petition. ECF 14. In the motion, Petitioner advised the Court that he had exhausted his state court
2    remedies as to Claim 5 and requested the Court reopen the matter, lift the *Kelly* stay, and direct
3    Petitioner to file an Amended Petition for Writ of Habeas Corpus containing the newly exhausted
4    Claim 5. ECF 14 at 1. On August 1, 2025, the Court granted Petitioner's motion to lift the stay,
5    reopen case, and amend the petition. ECF 15. On October 31, 2024, Petitioner filed an Amended
6    Petition. ECF 16 ("AP"). In the Amended Petition, Petitioner asserted the same Claims 1-5 as he
7    did in the original Petition. AP ¶¶ 18-37.

8          On April 10, 2025, the Court issued a Show Cause Order. ECF 17. On April 28, 2025, the
9    action was reassigned to the undersigned Judge. ECF 21.

10   **II.   DISCUSSION**

11         Respondent argues that Petitioner's Claim 5 in the Amended Petition is untimely. Mot. at 3-
12   5. Respondent argues that Petitioner's Claim 5 is not entitled to gap tolling for the 173 days between
13   the denial of Petitioner's habeas petition to the Superior Court and Petitioner's petition to the
14   California Court of Appeal. Mot. at 4. Respondent further argues that Petitioner's Claim 5 is not
15   saved by the relation back rule. Mot. at 5-7. Respondent contends that Claim 5 and Claims 1-4 arose
16   from "separate categories of facts," and amounted to separate occurrences for the purpose of the
17   relation back rule. Mot. at 6 (citing *Mayle v. Felix*, 545 U.S. 644, 661 (2005)).

18         In response, Petitioner argues that Claim 5 is timely because "it is 'tied to a common core of
19   operative facts'" as the other claims. Opp. at 3 (quoting *Mayle v. Felix*, 545 U.S. 644, 655 (2005)).
20   Petitioner argues that Claim 5 relates back to each of the other claims because the claims all allege
21   that he was denied "the fair trial to which he was entitled." Opp. at 6.

22         The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a statute
23   of limitations on petitions for a writ of habeas corpus filed by state prisoners. The one-
24   year limitations period generally will run from "the date on which the judgment became final by
25   conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §
26   2244(d)(1)(A). Time during which a properly filed application for state post-conviction or other
27   collateral review is pending is excluded from the one-year time limit. *Id.* § 2244(d)(2).

28         "Direct review" includes the period within which a petitioner can file a petition for a writ

of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). Accordingly, if a petitioner fails to seek a writ of certiorari from the United States Supreme Court, AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires. *See Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002) (where petitioner did not file petition for certiorari, his conviction became final 90 days after the California Supreme Court denied review); *Bowen*, 188 F.3d at 1159 (same). During the COVID pandemic, for petitions that were denied between March 19, 2020, and July 19, 2021, the Supreme Court extended the ninety-day period to 150 days. *See* Order, No. 589, 2020 U.S. LEXIS 1643 (March 19, 2020); Order List: 594 United States, 2021 U.S. LEXIS 3591 (July 19, 2021).

The one-year statute of limitations is tolled under § 2244(d)(2) for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). A state habeas petition filed before AEDPA's statute of limitations begins to run tolls the limitations period. *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001). However, a state habeas petition filed after AEDPA's statute of limitations ended cannot toll the limitations period. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed) (holding that Oregon's two-year limitations period for the filing of state habeas petitions does not alter the operation of the AEDPA, even though prisoners who take full advantage of the two-year period will forfeit their right to federal habeas review); *Jiminez*, 276 F.3d at 482 (same).

Section 2244(d)(2) "covers the time between a lower state court's decision and the filing of a notice of appeal to a higher state court." *Carey v. Saffold*, 536 U.S. 214, 214 (2002). A California Court's denial of a habeas petition on the merits does not necessarily mean the petition was timely. *Evans v. Chavis*, 546 U.S. 189, 197-98 (2006). When the California Supreme Court has not explicitly ruled on the timelessness of a petition, a federal court "must decide" whether the filing of the petition "was made within what California would consider a reasonable time." *Id.* at 198. California uses a "reasonableness standard" to determine whether a petition is timely. *Robinson v.*

4

*Lewis*, 9 Cal. 5th 883, 897, 266 Cal. Rptr. 3d 13, 469 P.3d 414 (Cal. 2020). Under the "reasonableness standard," California courts have adopted "a time period of 120 days as the safe harbor for gap delay." *Id.* at 901. "A new petition filed in a higher court within 120 days of the lower court's denial will never be considered untimely due to gap delay." *Id.* For a delay longer than 120 days, California courts apply the analysis set forth in *In re Robbins*, 18 Cal. 4th 770, 780 (1998) to determine "whether, under all of the circumstances, gap delay longer than 120 days constituted substantial delay and, if so, whether the petitioner demonstrated good cause for the delay or an exception applied." *Robinson*, 9 Cal. 5th at 901.

As to Claims 1-4, the California Supreme Court denied Petitioner's petition for review on May 12, 2021. ECF 16 ¶ 11. Petitioner did not file a petition for a writ of certiorari with the United States Supreme Court. Therefore, Petitioner's AEDPA's one-year limitations period began to run on October 12, 2021.[1] Petitioner timely filed his federal habeas petition on August 8, 2022, and Petitioner's Claims 1-4 are timely. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001).

However, the Court granted Petitioner's motion for a *Kelly* stay pending the exhaustion of Petitioner's Claim 5 in state court and dismissed Claim 5 without prejudice. ECF 6. Accordingly, Claim 5 did not remain pending in this Court when the case was stayed. *King v. Ryan*, 564 F.3d 1133, 1141 (9th Cir. 2009) ("Because the *Kelly* procedure requires petitioners to dismiss their unexhausted claims and then attempt to add them back into the federal complaint later, the *Kelly* procedure, unlike the *Rhines* procedure, does nothing to protect a petitioner's unexhausted claims from untimeliness in the interim.").

By the time Petitioner filed his petition in the California Superior Court, he only had 63 days remaining on his 1-year time period. The California Superior Court denied Petitioner's habeas petition as to Claim 5 on May 10, 2023. ECF 22 at Page 261. 173 days later, on October 30, 2023, Petitioner filed a habeas petition in the California Court of Appeal. ECF 22 at Page 267. Although the period of time the Petition was pending in the California Superior Court is excluded, Petitioner waited 173 days after that ruling to file in the California Court of Appeal. The Court notes that this

---

[1] Because the 150-day period ended on a Saturday, Petitioner had until the next court day to file his petition for certiorari. *See* Fed. R. Civ. P. 6(a)(1)(C).

1    173-delay is beyond the 120-day delay safe harbor established by California Supreme Court. *See*
2    *Robinson*, 9 Cal. 5th at 899. The Court also notes that there is no clear ruling from California Court
3    of Appeal or from California Supreme Court on whether Petitioner's petition with the California
4    Court of Appeal was timely. *See* ECF 22 at Pages 591, 596. Accordingly, the Court considers
5    whether the 173-day gap was reasonable, and whether Petitioner's habeas petition to the California
6    Court of Appeal was timely. *See Evans*, 546 U.S. at 198. Petitioner makes no showing of
7    reasonableness. Here, a delay of 173 days is substantial and nothing in the record shows any good
8    cause or justification for the delay. *See Robinson*, 9 Cal. 5th at 901. Accordingly, the Court finds
9    that the 173-day delay between Petitioner's habeas petition was denied by the Superior Court and
10   Petitioner filed his petition with California Court of Appeal was unreasonable. *See, e.g., Walker v.*
11   *Brazelton*, 2021 U.S. Dist. LEXIS 146208, at *3-4 (E.D. Cal. 2021) (finding a five-and-one-half-
12   month delay was unreasonable); *Nedd v. Bird*, 2023 U.S. Dist. LEXIS 37946, at *10-14 (E.D. Cal.
13   2023) (finding a 168-day delay was unreasonable). Thus, the Court agrees with Respondent that by
14   the time the Amended Petition was filed on October 31, 2024, Claim 5 was untimely by more than
15   one year.

16         Separately, a claim can be timely if it relates back to a timely filed claim. *See Mayle v. Felix*,
17   545 U.S. 644 (2005). Petitioner has focused his argument on this point that his amended Claim 5
18   relates back to his original Petition. Opp. at 3-4 (citing *Mayle*, 545 U.S. at 655 and *Tiller v. Atlantic*
19   *Coast Line Railroad*, 323 U.S. 574, 580-581 (1945)). Rule 15(c)(1)(B) of the Federal Rules of Civil
20   Procedure provides that an amendment relates back when "the amendment asserts a claim or defense
21   that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the
22   original pleading." In *Tiller*, a personal injury case in which a railroad worker was struck and killed
23   by a railroad car, the Supreme Court held that an amendment adding a claim under the Federal Boiler
24   Inspection Act related back to the initial allegation of negligence because both complaints "related
25   to the same general conduct, transaction and occurrence which involved the death of the deceased."
26   *Tiller*, 323 U.S. at 581. In *Mayle*, the Supreme Court rejected an approach that would allow relation
27   back to apply at "too high a level of generality." *Mayle*, 545 U.S. at 661. The Supreme Court rejected
28   an interpretation that Rule 15(c)'s "conduct, transaction, or occurrence" that would extend to the

"same 'trial, conviction, or sentence'" in the habeas context. *Id.* at 664. Rather, the Supreme Court held that "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order." *Id.* In *Mayle*, the Supreme Court rejected relation back of a claim targeting Felix's pretrial statements to a timely claim targeting videotaped witness testimony. *Id.* at 649.

The Ninth Circuit in *King v. Ryan* explained that *Mayle* "requires new claims to relate back to claims properly contained in the original petition—that is, those claims that were exhausted at the time of filing." *King v. Ryan*, 564 F.3d 1133, 1142 (9th Cir. 2009). "Because the *Kelly* procedure requires petitioners to dismiss their unexhausted claims and then attempt to add them back into the federal complaint later, the *Kelly* procedure, unlike the *Rhines* procedure, does nothing to protect a petitioner's unexhausted claims from untimeliness in the interim." *Id.* at 1141. The Ninth Circuit held that "*Mayle* requires a comparison of a petitioner's new claims to the properly exhausted claims left pending in federal court, not to any earlier version of the complaint containing claims subsequently dismissed for failure to exhaust." *Id.* at 1142.

The Ninth Circuit applies a two-step process to determine whether an amended petition relates back to an original petition, including all exhibits attached to that petition. *Ross v. Williams*, 950 F.3d 1160, 1167 (9th Cir. 2020). "First, we determine what claims the amended petition alleges and what core facts underlie those claims. Second, for each claim in the amended petition, we look to the body of the original petition and its exhibits to see whether the original petition 'set out' or 'attempted to … set out' a corresponding factual episode." *Id.* (citing Fed. R. Civ. P. 15(c)(1)(B)).

Here, the Court finds that Petitioner's amended Claim 5 does not relate back to the original Claims 1-4. Petitioner's amended Claim 5 alleges that he "was denied his federal constitutional right to due process . . . *due to the ineffective assistance of counsel at trial.*" AP ¶ 35 (emphasis added). The Court notes that the Petitioner has not alleged the core facts underlying Claim 5 in his Amended Petition. *See id.* ¶¶ 34-37. Looking generally at the Petition, Petitioner's original Claims 1-4 allege that he was denied his federal constitutional right to due process due to specific and narrowly tailored claims of trial error. *See* Petition ¶¶ 14-29. Original Claim 1 alleges that "Petitioner was denied his federal constitutional right to due process under the Fifth, Sixth, and Fourteenth Amendments where

7

the evidence adduced at trial was insufficient to establish that Petitioner conspired to kill Smith." Petition ¶ 15. Original Claim 2 alleges that "Petitioner was denied his federal constitutional right to due process under the Fifth, Sixth, and Fourteenth Amendments where the trial court failed to instruct the jury on the lesser included offenses of conspiracy to commit assault and conspiracy to commit assault with the use of a firearm." *Id.* ¶ 19. Original Claim 3 alleges that "Petitioner was denied his federal constitutional right to due process under the Fifth, Sixth, and Fourteenth Amendments where the trial court failed to instruct the jury on the use of White's statement as a co-conspirator to incriminate Petitioner." *Id.* ¶ 23. Original Claim 4 alleges that "Petitioner was denied his federal constitutional right to due process under the Fifth, Sixth, and Fourteenth Amendments where the trial court erred in excluding evidence regarding the full context of White's statement." *Id.* ¶ 27. And in his opposition, Petitioner only claims that Claim 5 "relate[s] to the Superior Court's failure to provide Petitioner with a fair trial." Opp. at 5-6. This is the exact circumstance rejected by the Supreme Court in *Mayle*, 545 U.S. at 664. The Ninth Circuit in *Ross v. Williams*, 950 F.3d 1160, 1171 (9th Cir. 2020) reiterated the requirement that relation back cannot rest on too high a level of generality, such as "the entire trial." Moreover, Petitioner's briefing fails to identify the specific portions of his earlier pleading that contain the relevant factual material which he is attempting to relate to Claim 5. As the Ninth Circuit recognized in *Ross*, "[i]f the submissions discussing the amended petition fail to do so, district courts have familiar remedies, such as dismissing the new claim as time-barred for failure to show that it relates back." *Ross*, 950 F.3d at 1172. Thus, the Court finds that the amended Claim 5 does not share a "common core of operative facts" with the original Petition. *See King*, 564 F.3d at 1142-43 (affirming the district court's decision that petitioner's nine previously unexhausted claims did not relate back to his original exhausted claim despite the claims all alleged that the petitioner "was denied his due process right to a fair trial").

Petitioner's reliance on *Ross* is not persuasive. Opp. at 5-6 (citing *Ross v. Williams*, 950 F.3d 1160, 1166 (9th Cir. 2020)). In *Ross*, the Ninth Circuit held that the petitioner's amended petition related back because it "reveal[ed] a common core . . . that was present in the original petition and to which the amended petition relate[d] back." *Ross*, 950 F.3d at 1168. The Ninth Circuit explained that, as "[a]n obvious example," Claim V of Ross's amended federal petition asserted that his trial

1  counsel failed to object to the State's failure to provide notice that it intended to present expert
2  testimony regarding "distract theft[s]." *Id.* at 1168. The Ninth Circuit found the amended Claim V
3  related back to Ross's Claim 8 in his original form petition which asserted that "counsel . . . failed
4  to object to the State's use of [an] expert witness" because "[t]he attached Nevada Supreme Court
5  postconviction order provided factual details related to this claim." *Id.* Unlike *Ross*, here, Petitioner
6  generally asserts in his Amended Petition that Claim 5 that he "was denied his federal constitution
7  right to due process . . . due to the ineffective assistance of counsel at trial." AP ¶ 35. Absent
8  identification of factual allegations from the original Petition, the Court finds that the Petitioner has
9  not shown a common core of operative facts that Claim 5 in the Amended Petition can relate back
10 to.  *See King*, 564 F.3d at 1142-43.

For reasons discussed above, Amended Claim 5 is both untimely under AEDPA's one-year limitations period and does not relate back to timely-filed Claims 1-4.

### III.  ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

(1) Respondent's motion to dismiss Petitioner's Claim 5 in the Amended Petition as untimely is GRANTED.

(2) The Court SETS case schedule as follows:

    a. Respondent SHALL file with the Court and serve on Petitioner, within sixty (60) days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file, with the Answer, and serve on Petitioner, a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the Petition.

    b. If Petitioner wishes to respond to the Answer, he SHALL file a Traverse with the Court and serving it on Respondent within thirty (30) days of his receipt of the Answer.

Dated: July 23, 2025

*/s/ Beth Labson Freeman*
BETH LABSON FREEMAN
United States District Judge